UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RYAN PATRICK RUCKER,                )  |   |
|                                                          )  |   |
|               Petitioner,     )  |   |
|                                                          )  |   |
|       vs.                                      )  | No. 2:16-cv-00098-WTL-MJD |
|                                                          )  |   |
| DICK BROWN Wabash Valley Correctional )  |   |
| Facility Superintendent,                       )  |   |
|                                                          )  |   |
|               Respondent.   )  |   |

**Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The question presented by this action for habeas corpus relief brought by Ryan Rucker, a state prisoner, is whether the prison disciplinary proceeding he challenges is tainted by constitutional error.

*Wolff v. McDonnell,* 418 U.S. 539 (1974), prescribes the procedural protections afforded an inmate who faces the loss of earned good time or a demotion in time earning classification.

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-567.

*Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

In the present case, the pleadings and the expanded record show that a conduct report in No. 15-08-0083 was issued narrating that on the evening of August 29, 2015 inmate Charles Elmer was performing oral sex on Rucker in Cell 117 in the M Housing Unit at the Wabash Valley Correctional Facility, an Indiana prison. The reporting officer personally witnessed what was described in the conduct report.

Rucker was notified of the charge. A hearing was conducted on September 8, 2015. Rucker was present and made a statement concerning the charge. His statement was that the incident described in the conduct report never occurred. The hearing officer considered that statement, along with the conduct report and other evidence and found Rucker guilty. Rucker was sanctioned, his administrative appeal was rejected, and this action followed.

Applying the requirements of *Wolff* and *Hill* as an analytical template, Rucker received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Rucker was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed. Rucker's claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

Several of Rucker's claims were not preserved for habeas review because he did not file a second and final administrative appeal and offers no circumstances showing that the merits of these defaulted claims should nonetheless be reached. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992). Several of these claims, in turn, are not even cognizable under 28 U.S.C. § 2254(a) because they are premised on the asserted failure to follow prison policies. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

The single claim which does implicate a recognized due process interest, moreover, is that Rucker was denied a witness he had requested. (The written statements of some witnesses were submitted and requested; no error is asserted with respect to those statements.) During screening, Rucker requested a statement from another offender alleging that the witness would state that he knew inmate Charles to have been the target of false claims by staff and acts of retaliation resulting in false disciplinary charges. This request was denied on the basis that the proposed witness statement would be irrelevant. The right to call witnesses is qualified and does not protect the right to present witnesses or evidence that threaten institutional goals or would be irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 678 (7th Cir. 2003). The witness statement that was rejected was thought to be irrelevant. This was a reasonable and sufficient explanation, for the proposed statement would have touched on Charles being falsely targeted for misconduct, not Rucker, and there is no indication here that Charles was charged with misconduct based on the incident of August 29, 2015 or that any of the other instances in which Charges was charged with

misconduct could have an effect on determining whether the incident of August 29, 2015 actually occurred. In short, the proposed witness statement would not have been exculpatory.

As a final matter, Rucker challenges the sufficiency of the evidence, but this claim is meritless because the conduct report is based on the reporting officer's personal observation, gives a specific description of the offense behavior, and unmistakably "point[s] to [Rucker's] guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989). The decision Rucker challenges was "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). This Court cannot now reweigh the evidence. *McPherson,* 188 F.3d at 786 (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There is no constitutional infirmity entitling Rucker to relief. Accordingly, his petition for a writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 12/9/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RYAN PATRICK RUCKER
189843
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronically Registered Counsel